IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA,        )
                                 )
     Plaintiff,                  )
                                 )
TIMOTHY D. POPE,                 )
                                 )
     Plaintiff-Intervenor,       )
                                 )
JOHNNY REYNOLDS, et al.,         )
                                 )
     Plaintiff-Intervenors,      )
                                 )
EUGENE CRUM, JR., et al.,        )
                                 )
     Plaintiff-Intervenors,      )
                                 )
     v.                          )    CIVIL ACTION NO.
                                 )      2:68cv2709-T
TOMMY G. FLOWERS, et al.,        )         (WO)
                                 )
     Defendants.                 )
                                 )
ALABAMA STATE CONFERENCE         )
OF NAACP BRANCHES,               )
                                 )
     Amicus Curiae.              )
```

ORDER

So as to provide a framework for discovery and disposition of all pending matters, it is ORDERED as follows:

(1) The court's order of March 29, 2005 (Doc. No. 718) is vacated.

(2) The <u>Reynolds</u> and <u>Crum</u> plaintiff-intervenors' motion to strike (Doc. No. 702) is denied on the merits.

(3) The <u>Reynolds</u> and <u>Crum</u> plaintiff-intervenors' alternative motion for additional discovery and expert reports (Doc. No. 702) is granted to the extent that the <u>Reynolds</u> and <u>Crum</u> plaintiff-intervenors may re-depose the state defendants' expert witnesses limited to the issues raised in the state defendants' response report and in their motion in limine.

(4) United States Magistrate Judge Charles S. Coody is to resolve all disputes regarding the depositions, including where and when they should be taken.

It is further ORDERED as follows:

(1) The court's order of March 30, 2005 (Doc. No. 721) is vacated.

(2) The _Reynolds_ and _Crum_ plaintiff-intervenors are allowed until May 27, 2005, to respond to the defendants' motion in limine (Doc. No. 707).

(3) Plaintiff United States of America, the state defendants, and plaintiff-intervenor Timothy Pope are allowed until May 27, 2005, to respond to the _Reynolds_ and _Crum_ plaintiff-intervenors' motion in limine (Doc. No. 719).

(4) The court will decide after May 27, 2005, whether the motions in limine should be set for oral argument or an evidentiary hearing.

It is further ORDERED that the parties are referred to Magistrate Judge Coody to see if a plan can be developed for more extensive, but still quite limited, discovery by the _Reynolds_ and _Crum_ plaintiff-intervenors.  The court does not intend in any way for this case to explode into a vehicle for litigating each and every race-discrimination claim that an African-American may have against the State of Alabama. The court also intends that any such plan must allow for

3

such additional discovery to be completed within three months from today.

It is further ORDERED as follows:

(1) Plaintiff United States of America and the state defendants' joint motion to terminate the no-bypass rule (Doc. No. 634) and plaintiff-intervenor Timothy Pope's motion to modify injunction as to the no-bypass rule (Doc. No. 659) are set for final and summary disposition, without oral argument, pursuant to Rule 56 of the Federal Rules of Civil Procedure on September 19, 2005. After that date, the court will decide if oral argument is necessary.

(2) The parties are allowed until August 1, 2005, to complete all discovery.

(3) By August 15, 2005, the parties are jointly to develop and submit to the court a record of the evidence (depositions, stipulations, affidavits, etc.) that they intend the court to rely upon.

(4) Plaintiff United States of America, the state defendants, and plaintiff-intervenor Pope are allowed until August 29, 2005, to file their briefs.

(5) The <u>Reynolds</u> and <u>Crum</u> plaintiff-intervenors are allowed until September 12, 2005, to file their brief.

(6) Plaintiff United States of America, the state defendants, and plaintiff-intervenor Pope are allowed until September 19, 2005, to file their replies.

(7) In their briefs, the parties should address whether the motions at issue can be resolve pursuant to Rule 56.  If the court cannot resolve the motions pursuant to Rule 56, the motions will be set for an evidentiary hearing as to all disputed material facts.

(8) When the parties refer to evidence in their briefs, they must cite the specific document and page

**number where the evidence can be found in the joint evidentiary record.**

**DONE, this the 29th day of April, 2005.**

<u>   /s/ Myron H. Thompson   </u>
**UNITED STATES DISTRICT JUDGE**