IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| TIMOTHY D. POPE, | ) | |
| | ) | |
|     Plaintiff-Intervenor, | ) | |
| | ) | |
| JOHNNY REYNOLDS, et al., | ) | |
| | ) | |
|     Plaintiff-Intervenors, | ) | |
| | ) | |
| EUGENE CRUM, JR., et al., | ) | |
| | ) | |
|     Plaintiff-Intervenors, | ) | |
| | ) | |
|     v. | ) | CIVIL ACTION NO. |
| | ) | 2:68cv2709-T |
| TOMMY G. FLOWERS, et al., | ) | (WO) |
| | ) | |
|     Defendants. | ) | |
| | ) | |
| ALABAMA STATE CONFERENCE | ) | |
| OF NAACP BRANCHES, | ) | |
| | ) | |
|     Amicus Curiae. | ) | |

ORDER

This litigation is again before the court, this time on whether the court should implement the preliminary relief

suggested in its show-cause order of April 29, 2005.[1]  The defendants agree to the relief; intervenor Timothy Pope not only agrees to the relief, he has also filed a motion expressly asking for such relief.  Plaintiff United States of America opposes the interim relief and instead requests that the no-bypass rule be terminated immediately and permanently without allowing for any additional discovery and without  resolving any of the currently pending discovery disputes; and the African-American intervenors oppose any relief, preliminary or permanent.

For the reasons stated in the court's April 29 order and based on Pope's motion, the court will grant the suggested preliminary relief.  The court, however, makes these additional findings.  First, for the reasons set forth in the court's April 29 order and pursuant to Fed.R.Civ.P. 60(b), the defendants and Pope have established "that a significant change in circumstances warrants" a suspension of the no-bypass rule.  <u>Rufo v. Inmates of the Suffolk</u>

---

1.  Two orders were entered on April 29. One contained suggested preliminary relief (Doc. No. 723), and the other set forth a framework for discovery (Doc. No. 724).

2

County Jail, 502 U.S. 367, 383, 112 S.Ct. 748, 760 (1992). More specifically, there has been "a significant change ... in factual conditions [and] in law," id. at 383, 112 S.Ct. at 760; and the "proposed [preliminary] modification is suitably tailored to the changed circumstance." Id.

Second, the court rejects the African-American intervenors' contention that it has not made specific findings of fact and reached specific conclusions of law to support the interim relief. This order and the April 29 order provide such.

Third, the African-American intervenors have had sufficient time and opportunity to develop the record upon which the court relies. Indeed, to adopt the African-American intervenors' view, the court would essentially have to wait until all evidence has been developed, thereby defeating the necessary interim relief. As the court stated in its April 29 order, the continued implementation of the race-conscience, indeterminate, across-the-board no-bypass rule without any recent court review and re-authorization during its extended existence, is, on its face,

3

unconstitutional.² By providing for only interim, rather than permanent, relief at this time, the court gives the African-American intervenors an opportunity to cure this defect, if they can; in the meantime, however, the rule simply cannot remain in effect.

Finally, the defendants take issue with a separate, discovery order entered on April 29 directing the magistrate judge "to see if a plan can be developed for more extensive, but still quite limited, discovery."³ They argue that "the companion discovery order will almost certainly foment future discovery disputes that could quickly overwhelm the parties and the Court."⁴ The court has not unconditionally directed the magistrate judge to develop a plan for more

---

   2.  In its April 29 order, the court said the continued need for the no-bypass rule had not been reviewed since 1970.  The court was incorrect.  In 1976, the no-bypass rule was extended to include other state departments and officials not included in the 1970 injunction.  <u>United States v. Frazer</u>, 1976 WL 729 (M.D. Ala. Aug. 20, 1976). However, the conclusions reached by the court in its April 29 order remain unchanged.

   3.  Order entered April 29, 2005 (Doc. No. 724), at 3. <u>See also</u> <u>supra</u> note 1.

   4.  Defendants' response (Doc. No. 725), at 3.

4

discovery.  Rather, the magistrate judge is to work with the parties to see "if" a plan can be developed.  In addressing this "if," the magistrate judge should consider not only whether any additional discovery is relevant but, if so, the defendants' articulated concern as well.

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The joint motion to terminate the no-bypass rule (Doc. No. 634) is treated as a motion for preliminary relief filed by defendants and said motion is granted.

(2) Plaintiff intervenor Timothy Pope's motion for preliminary relief (Doc. No. 732) is granted.

(3) Pending final resolution of the joint motion to terminate the no-bypass rule (Doc. No. 634) and the motion to modify injunction as to the no-bypass rule (Doc. No. 659), the application of the no-bypass rule is suspended, effective no later than June 20, 2005.  The court assumes that the defendants need a reasonable period of time to put

this suspension into effect in an orderly and fair manner.

DONE, this the 20th day of May, 2005.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**